UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAMON LAMONTE PETTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13CV00093 NAB |
| ) | |
| ROBERT LAGORE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 268069), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.95. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $119.75, and an average monthly balance of $2.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights relating to an incident that took place at Northeast Correctional Center ("NECC") in October of 2012. Named as defendants in this action are: Robert LaGore (correctional officer); Unknown Lawzano (I.I.O.[1]); Unknown Rhodes (I.I.O.); the Missouri Department of Corrections ("MDOC"); and the Missouri Department of Mental Health.

Plaintiff claims that on October 22, 2012, there was a "riot" at NECC between "The Family Values Gang" (a white gang) and "The Crips" and "The Disciples" (two black gangs). Plaintiff asserts that an unnamed "correctional officer blatantly lied and said that he witnessed me participate in the altercation when every camera in the open prison yard and two other prison staff members can 100% prove my lack of involvement." Plaintiff states that he was given 129 days in Administrative Segregation even though "the facts and evidence clearly shows that I was innocent and not involved."

Plaintiff claims in a conclusory manner that he has been subjected to "cruel and unusual punishment," "suffered mental anguish, had a lack of outside exercise,"

---

[1]Plaintiff has not indicated what the initials I.I.O. stand for.

suffered a complete loss of liberty, and subject to and suffered from racial discrimination and profiling. However, plaintiff has failed to state his race and or provide the details surrounding any of the aforementioned allegations.[2]

Plaintiff additionally claims, in a general and conclusory manner, that he was "denied access to legal materials and legal assistance to assist with filing a form 40 for post-conviction relief."[3] Plaintiff has not stated what became of his post-conviction relief claims.

Plaintiff further asserts that he asked to speak to "someone from the mental health department after being in [sic] confined for a considerate [sic] amount of time and was told not to fill out another medical service request form and was never seen

---

[2]For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff has failed to allege the difference between his environment in Administrative Segregation and that in General Population. Thus, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. Id. at 485-86.

[3]To the extent that plaintiff is attempting to assert an access-to-the-courts claim, his claim is legally frivolous. Plaintiff does not claim that he has suffered "actual prejudice with respect to contemplated or existing litigation." See Lewis v. Casey, 518 U.S. 343, 348 (1996).

by the mental health counselor." Plaintiff claims this is in violation of the Eighth Amendment in that he was subjected to cruel and unusual punishment.[4]

Plaintiff states that he was placed on an "enemy list" by the "Administration" and allowed "other inmates who were involved with the incident" to see his name on the list and this placed him in some unspecified danger.[5]

Plaintiff claims that because he was in Administrative Segregation he lost the ability to attend the "self-help" recovery program and he was "not allowed to go to church nor participate in [outside] religious activities."[6] Plaintiff does not state whether

---

[4]In order to show deliberate indifference under the Eighth Amendment, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has failed to allege either prong of the deliberate indifference standard; thus, he has not properly alleged an Eighth Amendment violation.

[5]It is not entirely clear what type of claim plaintiff is bringing against defendants in this instance. To the extent he is attempting to assert a failure to protect claim, pursuant to 42 U.S.C. § 1983, his claim is legally frivolous. To state a failure-to-protect claim, plaintiff is required to allege that: (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. See Farmer v. Brennan, 511 U.S. 825, 836-38, 844 (1994). Plaintiff has not indicated that defendants actually failed to protect him from an assault or attack by another inmate. Thus, any failure to protect claim brought by plaintiff is legally frivolous.

[6]Plaintiff has no liberty interest in educational, vocational, or rehabilitative programs; therefore, his allegation that such denials violate his constitutional rights fails to state a claim of denial of due process. See Wishon v. Gammon, 978 F.2d

he was allowed to participate in religious activities within the Administrative Segregation unit, *i.e.*, whether there were religious services provided within the unit, itself that plaintiff could attend.[7]  Moreover, plaintiff does not allege the person or persons who allegedly told him he could not attend such services.

Plaintiff also believes he should have been able to have an attorney provided to him at his hearing relative to the conduct violation and placement in Administrative Segregation simply because he was "read his Miranda Rights."[8]

---

446, 449 (8th Cir.1992) (no constitutional right to educational or vocational programs while incarcerated); Stewart v. Davies, 954 F.2d 515 (8th Cir.1992) (no liberty interest in rehabilitation programs); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir.2002) (no liberty interest in prison job), Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir.1994) (prisoners do not have a constitutional right to receive wages while in prison).

[7]The First Amendment prohibits the Nation and the states from making any law prohibiting the free exercise of religion. Under the Free Exercise Clause, plaintiff must show that the prison has placed a "substantial burden" on his ability to practice his religion. Patel v. United States Bureau of Prisons, 515 F.3d 807, 2008 WL 281912 *4 (8th Cir.2008) ("Under the Free Exercise Clause, RFRA and RLUIPA, plaintiff must first raise a material question of fact regarding whether the [MDOC] has placed a 'substantial burden' on his ability to practice his religion.") (citing Weir v. Nix, 114 F.3d 817, 820 (8th Cir.1997) (Free Exercise Clause)). Moreover, a temporary restriction on all group activities does not infringe on the freedom-of-religion rights of inmates whose religious services are affected by the restriction, where the restriction is applied to all group activities, not merely religious meetings, and is imposed in response to a violent altercation invoking legitimate security risks.  Childress v. Delo, 820 F.Supp. 458 (E.D.Mo. 1993).

[8]Prison inmates do not have any independent constitutional right to counsel in disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 570 (1974).

Last, plaintiff complains, in a vague manner, that he has "just received a document stating that [he] would not be able to return to [NECC] to pursue a vocational education program that will help [him] become a more productive citizen upon [his] release." Plaintiff claims that "this is due to someone not signing an enemy waiver that the Administration from the Department of Corrections had placed me on." Plaintiff fails to state who wrote the alleged document or why he believes this was a violation of his constitutional rights.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has failed to indicate which of the named defendants were directly involved in or personally responsible for the alleged violations

of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, even if he had "matched up" the alleged "bad acts" with the defendants listed in the caption of the complaint, he has failed to name the capacity under which he is suing the defendants.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.[9]  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

---

[9]Similarly, the complaint fails to state a claim against the Missouri Department of Corrections and the Missouri Department of Mental Health.  E.g., Barket, Levy & Fine, Inc.  v.  St.  Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir.  1991) (agency exercising state power is not "person" subject to § 1983 suit).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 26th day of November, 2013.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE